IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-1185-WDM-PAC

GREG FELDMAN,

    Plaintiff,

v.

JOBSON PUBLISHING, LLC.,
POSTGRADUATE INSTITUTE FOR MEDICINE, INC., and
INTERNATIONAL CENTER FOR POSTGRADUATE MEDICAL EDUCATION,

    Defendants.

## ORDER ON MOTION TO DISMISS OR TO COMPEL ARBITRATION

Miller, J.

This case is before me on defendants' motion to dismiss or to compel arbitration. Plaintiff Greg Feldman opposes the motion, arguing that there is no valid arbitration agreement between the parties. I have reviewed the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, the motion will be denied.

### Background

Defendants are Jobson Publishing, LLC (Jobson), Postgraduate Institute for Medicine (PIM), and International Center for Postgraduate Medical Education (ICPME) (collectively, "Defendants"). Although it is not entirely clear from the Amended Complaint, it appears that PIM and ICPME are subsidiaries of Jobson.

In March 2002, Feldman began work as Editorial Manager in the editorial department of ICPME. According to the Amended Complaint, Feldman, who is of the Jewish faith, began experiencing an adverse and hostile work environment because of his religion after Jobson replaced Feldman's ICPME supervisors with managers from PIM. Feldman brings claims for disparate treatment, hostile work environment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-1-2000e-17.[1]

### Standard of Review

A motion to compel arbitration under the Federal Arbitration Act is governed by a standard similar to that governing motions for summary judgment. *Smarttext Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1262 (D. Kan. 2003). Thus, in this case, Defendants must present evidence sufficient to demonstrate an enforceable arbitration agreement. *Id.* at 1263. If this is shown, the burden shifts to Feldman to raise a genuine issue of material fact as to the making of the agreement, using evidence comparable to that identified in Fed. R. Civ. P. 56. *Id.* If Feldman demonstrates a genuine issue of material fact, then a trial on the existence of the arbitration agreement is required. 9 U.S.C. § 4; *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997).

---

[1] The claims for relief are not clearly identified in the Amended Complaint.

Discussion

Defendants move to dismiss Feldman's complaint or, in the alternative, to compel arbitration of Feldman's claims. The alleged arbitration agreement at issue was part of a policy change to Jobson's Employee Handbook that Jobson introduced to its employees through additions to the employees' paycheck envelopes. Defendants contend the arbitration agreement is valid and controlling; Feldman argues it is illusory and that he did not agree to be bound by it.

On December 30, 2002, Jobson sent notice to its employees via electronic mail that they would receive policy modifications to the Handbook with their December 31, 2002 paychecks. This notice included information on the "Mediation and Arbitration Procedure" (Arbitration Procedure) adopted by Jobson. Affidavit of Lorraine Orlando, Attachment 1.

Included with the employees' December 31, 2002 paychecks was a four-page document.[2] Orlando Affidavit, Attachment 2. The first page informed the employees that the Handbook was amended by that document to include the new section on the Arbitration Procedure. The next-to-last paragraph of the first page of this document provides:

> By endorsement or acceptance of the direct deposit of your next
> paycheck after December 31, 2002, and continuing your employment

---

[2] From the copy provided to the court, it appears that the original document consisted of two pages, printed on both sides, yielding a total of four pages of text.

3

> with Jobson, you are agreeing (the "Agreement") to be bound by the *Confidentiality and Company Property* provision and the *Hobson Mediation and Arbitration Procedure* contained in the Handbook, as amended by this notice. You acknowledge that this Agreement is given in exchange for rights to which you are not otherwise entitled - namely, your continued employment as an [sic] Jobson Employee and the more expeditious resolution of employment disputes.

Attachment 2, at page 1.

The third page of the court's copy of this document bears the heading "The Jobson Mediation and Arbitration Procedure." That page and the following set forth the terms and conditions of the Arbitration Procedure. Importantly, paragraph 8 of the Procedure includes the following language:

> This Agreement sets forth the complete agreement of the parties on the subject of mediation and arbitration . . . and supersedes any prior or contemporaneous oral or written understanding on these subjects. . . . This Agreement shall survive the termination of my employment and applies to claims whether they arise or are asserted during or after termination of employment with Jobson, *and can only be changed, modified, rescinded or superseded by an express written agreement signed by me and the Company's President or the Vice President, Human Resources.*

Attachment 2, at page 4, ¶ 8 (emphasis added).

The Handbook contains a conflicting provision. It provides: "Jobson reserves the right to amend, reverse, modify, suspend, interpret or cancel any policy or provision at any time with or without notice at its own discretion." Response, Exhibit 2, page 3. Thus, the Handbook permits Jobson unilaterally to cancel *any* policy or provision in the Handbook in its discretion. The Arbitration Procedure amended to the Handbook requires that changes to the Arbitration Agreement be made only by written

4

agreement signed by the employee and a designated company official.

A similar conflict was presented in *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1218-19 (10th Cir. 2002).  There, the court was confronted with an employee handbook containing conflicting provisions, one of which permitted the employer to alter the arbitration agreement and one of which did not.  The Tenth Circuit resolved the ambiguity against the employer, interpreting the handbook to allow the employer to alter the arbitration provision at will.  Given this interpretation, it then agreed with other circuits that the power to unilaterally modify the provision rendered the arbitration agreement illusory: "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory." *Id.* at 1219.

In their reply brief, Defendant attempt to distinguish *Dumais* on the ground that the arbitration agreement in this case was created after the Handbook and expressly superseded any prior agreement concerning the resolution of employment disputes. They assert that because the Arbitration Procedure is more recent and more specific, its language controls over any contrary provisions in the Handbook.

The provision that the Arbitration Procedure superseded prior agreements in the Handbook concerning resolution of employment disputes, however, does not clearly establish that the Procedure's requirement of written and signed modifications supersedes the Handbook's general provision allowing Jobson to modify *all* policies in the Handbook (including the added Arbitration Procedure) in its discretion.

I must resolve this ambiguity concerning what policies are subject to unilateral modification against Jobson. *Dumais*, 299 F.3d at 1219. As a result, I conclude the Handbook, even as modified by the addition of the Arbitration Procedure, permits Jobson to "amend, reverse, modify, suspend, interpret or cancel any policy or provision [including the Arbitration Procedure] at any time with or without notice at its own discretion." Response, Exhibit 2, page 3. As in *Dumais*, this "unfettered right to alter the arbitration agreement's existence or its scope" renders the agreement illusory and unenforceable.

Accordingly, it is ordered that the motion to dismiss or to compel arbitration, filed August 16, 2004, is denied.

DATED at Denver, Colorado, on September 28, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge