IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01185-WDM-PAC

GREG FELDMAN,

    Plaintiff(s),

v.

JOBSON PUBLISHING, LLC., a Delaware corporation,
POSTGRADUATE INSTITUTE FOR MEDICINE, Inc., a member of the Jobson Education Group, a Delaware corporation,

    Defendant(s).

_____

**ORDER** Re: Motion for Leave to File Second Amended Complaint
_____

**Patricia A. Coan, Magistrate Judge**

Plaintiff brings claims for Title VII religious discrimination, for race discrimination in violation of §1981, and for Title VII retaliation, culminating in his separation from employment with defendants in August of 2003. On September 28, 2005, this matter was referred to the undersigned for pretrial case management under 28 U.S.C. §§636(a) and (b). The matter now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. # 38, filed January 6, 2006. Defendants have responded. Oral argument would not be of material assistance.

I.

Plaintiff moves to amend his complaint for the second time to clarify the claims, correct the complaint to reflect the correct defendants, and to state a claim for outrageous conduct. As grounds for his motion, plaintiff argues he obtained the

information about the correct defendants only recently in depositions. He gives no explanation for wanting to clarify his claims, however, and no explanation for the addition of an outrageous conduct claim. Defendants respond that they have no objection to stating the correct name of plaintiff's employer, or to a clarification of claims, as stated in the proposed second amended complaint, but they do object to naming Purchaser Jobson as a defendant and to the addition of an outrageous conduct claim eighteen months after the complaint was filed without any explanation for the delay.

II.

Rule 15, Fed. R.Civ.P. governs a motion to amend a complaint.[1] Rule 15(a) provides for liberal amendment of pleadings, even after a responsive pleading has been filed. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

[1]The Rule states:

> Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15, Fed. R. Civ. P.

04-cv-01185-WDM-PAC
January 19, 2006

*Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party. *See id.* at 1185. Leave to amend also may be denied when the movant has known of the facts upon which the amendment is based and fails to include them in earlier complaints, *see State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984)(internal citation omitted). Finally, futility may be another reason to deny amendment. *See Bradley v. Val-Mejias*, 379 F.3d 892 (10th Cir. 2004). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

III.

First, plaintiff's motion to amend is timely because it was filed on the January 6, 2006 deadline for amending pleadings in the Scheduling Order and on the extended deadline to name the correct employer set in the Court's December 1, 2005 Minute Order. *See* Doc. # 29, November 15, 2005 Scheduling Order at 8; Doc. # 37.

Second, there is no dispute that the complaint should be corrected to reflect the

3

04-cv-01185-WDM-PAC
January 19, 2006

proper names of the defendants.  Defendants agree that XJP, LLC should be named as the proper defendant.  Defendants object however, to plaintiff's attempt to add Purchaser Jobson as a defendant, arguing that that entity never employed plaintiff; was not a subject of the "prerequisites to pursuing a claim against that entity pursuant to Title VII"; and that Purchaser Jobson never assumed any liability whatsoever for plaintiff's claim.

While defendants' arguments concerning the naming of Purchaser Jobson are clearly appropriate for a dispositive motion, at this time, plaintiff will be allowed to name Purchaser Johnson because of the liberal interpretation of Rule 15(a).  The Court also allows amendment because it has not been shown that the reasons for adding that entity involve bad faith, dilatory motive or undue delay on the part of plaintiff's counsel; and, defendants further would not be prejudiced by the addition of Purchaser Jobson, because they have time to explore the naming of that defendant in discovery which began two months ago.  *See  Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185 (leave to amend should be freely granted unless there is undue delay, dilatory motive, bad faith or the non-movant would be unduly prejudiced).

Third, there is no dispute that, as they are set forth in the proposed second amended complaint attached to plaintiff's Motion for Leave to Amend, defendants have no objection to plaintiff's clarification of his claims.

Fourth, plaintiff asks to add an outrageous conduct claim, which he contends is

04-cv-01185-WDM-PAC
January 19, 2006

based on the facts which have been previously listed in his original and first amended complaints. Defendants object because of plaintiff's delay in attempting to add the outrageous conduct claim and because that claim would be barred by Colorado's two year statute of limitations for tort claims.

I need not address defendants' futility argument, because I will deny the motion to amend to add an outrageous conduct claim because of the eighteen month undue delay. According to plaintiff's motion, the facts supporting an outrageous conduct claim are in the earlier complaints so that plaintiff knew of the factual basis for, but failed to state, the outrageous conduct claim in his prior complaints. Undue delay alone is a sufficient ground to deny a motion for leave to amend a complaint. *See id.*

III.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. # 38, filed January 6, 2006 is **granted in part** and **denied in part**. It is further

**ORDERED** that plaintiff shall file a Second Amended Complaint which is consistent with this Order, no later than **January 30, 2006**.

Dated this 19th day of January 2006.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

5